BRADLEY E. SCHWAN, Bar No. 246457
bschwan@littler.com
JANNINE E. KRANZ, Bar No. 272389
jkranz@littler.com
LITTLER MENDELSON P.C.
2049 Century Park East, 5th Floor
Los Angeles, California 90067.3107
Telephone: 310.553.0308
Fax No.: 310.553.5583

BRITTANY L. MCCARTHY, Bar No. 285947
blmccarthy@littler.com
LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
Telephone: 619.232.0441
Fax No.: 619.232.4302

Attorneys for Defendant
HOMEGOODS, INC.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER EDLEBECK, an individual, individually and on behalf of all similarly situated and aggrieved employees of Defendants in the State of California,<br><br>Plaintiff,<br><br>v.<br><br>HOMEGOODS, INC., a Delaware corporation, NASH TANG, an individual, and DOES 1 through 10 inclusive,<br><br>Defendants. | Case No. **'23CV0735 BEN BGS**<br><br>[San Diego Superior Court Case No. 37-2022-00051267-CU-OE-CTL]<br><br>**DEFENDANT HOMEGOODS, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446**<br><br>Trial Date: Not Set<br>FAC Filed: March 8, 2023 |

LITTLER MENDELSON, P.C.
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX 75201.2931
214.880.8100

DEFENDANT HOMEGOODS, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446

1

TO THE CLERK OF THE ABOVE-ENTITLED COURT, TO PLAINTIFF SARAHI CASAS, AND TO PLAINTIFF'S ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant HomeGoods, Inc. ("HomeGoods") hereby removes the state court action described herein, filed by Plaintiff Jennifer Edlebeck ("Plaintiff") in the Superior Court of the State of California, County of San Diego, to the United States District Court for the Southern District of California, pursuant to 28 U.S.C. §§ 1332(d), 1441, and 1446. HomeGoods makes the following allegations in support of its Notice of Removal:

## I.    STATEMENT OF JURISDICTION

1. This Court has original jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), which vests the United States district courts with original jurisdiction of any civil action: (a) that is a class action with a putative class of more than a hundred members; (b) in which any member of a class of plaintiffs is a citizen of a state different from any defendant; and (c) in which the matter in controversy exceeds $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d). CAFA authorizes removal of such actions in accordance with 28 U.S.C. § 1446. As set forth below, this case meets all of CAFA's requirements for removal and is timely and properly removed by the filing of this Notice of Removal.

## II.   VENUE

2. Plaintiff originally brought this action in the Superior Court of the State of California, County of San Diego. Therefore, venue lies in the Southern District of California pursuant to 28 U.S.C. §§ 84(d), 1441(a), and 1446(a).

## III.  PLEADINGS, PROCESS, AND ORDERS

3. On December 22, 2022, Plaintiff filed an initial Complaint against Defendant HomeGoods, Inc. and various Does in San Diego County Superior Court. On March 8, 2023, Plaintiff filed a First Amended Complaint against Defendants HomeGoods, Inc., Nash Tang and various Does in San Diego County Superior Court captioned *Jennifer Edlebeck, an individual, individually and on behalf of all similarly*

LITTLER MENDELSON, P.C.
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX 75201.2931
214.880.8100

DEFENDANT HOMEGOODS, INC.'S
NOTICE OF REMOVAL TO FEDERAL
COURT PURSUANT TO 28 U.S.C. §§ 1332,
1441, AND 1446

2

*situated and employees of Defendants in the State of California, Plaintiff v. HomeGoods, Inc., a Delaware corporation, Nash Tang, an individual, and DOES 1 through 10 inclusive, Defendants*, designated Case No. 37-2022-00051267-CU-OE-CTL (hereafter, "FAC"). Declaration of Brittany McCarthy ("McCarthy Decl."), ¶ 2.

4. The FAC asserts the following causes of action: (1) Failure to Pay Minimum Wages and overtime Wages; (2) Failure to Provide Statutory Compliant Meal and Rest Periods; (3) Failure to Timely Pay All Wages; (4) Failure to Provide Accurate Wage Statements; (5) Failure To Pay All Wages Upon Resignation or Discharge; and (6) Representative Claims Under the Labor Code Private Attorneys General Act (PAGA). The allegations in the FAC are incorporated into this Notice of Removal by reference without admitting the truth of any of them.

5. On March 22, 2023, HomeGoods was served the FAC, along with copies of the Summons, PAGA Letter Notice to the California Labor and Workforce Development Agency, ADR Information, and Notice of Case Assignment and Civil Case Management Conference, through HomeGoods' registered agent for service of process, CT Corporation System. Attached hereto as **Exhibit A** is a true and correct copy of the FAC filed in the San Diego County Superior Court, Summons, and Proof of Service served through CT Corporation System. (McCarthy Decl., ¶ 2.)

6. Attached hereto as **Exhibit B** are true and correct copies of the ADR Information, PAGA Letter Notice to the California Labor and Workforce Development Agency and Notice of Case Assignment also served by Plaintiff through CT Corporation System. (McCarthy Decl., ¶ 3.) Also included within Exhibit B are the remaining documents as reflected and downloaded from the San Diego County Superior Court website, including the Civil Case Cover Sheet, Notice of Case Assignment and Case Management Conference. (McCarthy Decl., ¶ 3.)

7. To HomeGoods' knowledge, no further process, pleadings, or orders related to this case have been filed in the San Diego County Superior Court or served by any party other than as described above. To HomeGoods' knowledge, no

LITTLER MENDELSON, P.C.
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX 75201.2931
214.880.8100

DEFENDANT HOMEGOODS, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446

3.

proceedings related hereto have been heard in San Diego County Superior Court. (McCarthy Decl., ¶ 4.)

## IV. TIMELINESS OF REMOVAL

8. An action may be removed from state court by filing a notice of removal – together with a copy of all process, pleadings, and orders served on the defendant – within thirty days of defendant receiving service of the pleading. 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Mitchetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (the thirty-day removal period runs from the service of the summons and FAC).

9. Removal of this action is timely because this Notice of Removal has been filed within thirty days of March 22, 2023, when HomeGoods was served with the Summons and FAC. *See* 28 U.S.C. § 1446(b). Because Plaintiff personally served the Summons and FAC upon HomeGoods' agent for service of process on March 22, 2023, the thirty-day period for removal runs through April 21, 2022. As referenced above, this Notice of Removal also contains all process, pleadings, and orders that were served on HomeGoods or otherwise obtained by HomeGoods. (*See* Exhibits A and B.)

## V. CAFA JURISDICTION

10. CAFA grants federal district courts original jurisdiction over civil class action lawsuits filed under federal or state law in which any member of a class of plaintiffs is a citizen of a state different from any defendant, where there are at least 100 putative class members, and where the matter's amount in controversy exceeds $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d). CAFA authorizes removal of such actions in accordance with 28 U.S.C. § 1446. As set forth below, this case meets each CAFA requirement for removal, and is properly removed by the filing of this Notice of Removal.

### A. This is a Class Action.

11. Plaintiff filed this action as a class action. (FAC, ¶¶ 5, 8, 27-40.)

LITTLER MENDELSON, P.C.
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX 75201.2931
214.880.8100

DEFENDANT HOMEGOODS, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446

4

### B. The Proposed Class Contains At Least 100 Members.

12. The provisions of CAFA apply to proposed class actions involving 100 individuals or more. 28 U.S.C. § 1332(d)(5)(B). This requirement is met in this case.

13. Plaintiff seeks to represent a putative class consisting of "all current and former employees employed by HomeGoods … in the state of California who were subjected to the Lock-in Policy for July 1, 2019, through December 23, 2022." (FAC, ¶ 8.)

14. As it relates to the putative class, HomeGoods employed in excess of 100 employees in the State of California as hourly, non-exempt employees from July 1, 2019, to the filing of this removal. On information and belief, during the relevant time period, HomeGoods employed more than 10,000 individuals. Declaration of W. Alex Koch ("Koch Decl."), ¶ 6  Thus, CAFA's requirement that the action involve 100 or more individuals is easily satisfied. In addition, as of the date this removal, on information and belief, HomeGoods operates a total of 82 retail stores in California. Koch Decl., ¶ 5.  Each such store HomeGoods employs multiple non-exempt employees. Thus, CAFA's requirement that the action involve 100 or more individuals is satisfied.

### C. HomeGoods Is Not A State, State Official, Or Governmental Entity.

15. CAFA does not apply to class actions where "primary defendants are States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief." 28 U.S.C. § 1332(d)(5)(B).

16. HomeGoods is a corporation, and not a state, state official, or other governmental entity exempt from CAFA.

### D. There Is Diversity Between At Least One Putative Class Member And One Defendant.

17. CAFA's minimal diversity requirement is satisfied, *inter alia*, when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §§ 1332(d)(2)(A), 1453(b). In a class action, only the citizenship of the named

LITTLER MENDELSON, P.C.
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX 75201.2931
214.880.8100

DEFENDANT HOMEGOODS, INC.'S
NOTICE OF REMOVAL TO FEDERAL
COURT PURSUANT TO 28 U.S.C. §§ 1332,
1441, AND 1446

5

parties is considered for diversity purposes and not the citizenship of the unnamed putative class members. *Snyder v. Harris*, 394 U.S. 332, 339-40 (1969). Additionally, for removal purposes, diversity must exist both at the time the action was commenced in state court and at the time of removal. *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002). Minimal diversity of citizenship exists here because Plaintiff and HomeGoods are citizens of different states.

18. <u>Plaintiff is a Citizen of California</u>. For diversity purposes, a person is a "citizen" of the state in which she is domiciled. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (confirming that a person's domicile is the place he resides with the intention to remain). Furthermore, allegations of residency in a state court FAC can create a rebuttable presumption of domicile supporting diversity of citizenship. *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519-20 (10th Cir. 1994) (allegation by party in state court FAC of residency "created a presumption of continuing residence in [state] and put the burden of coming forward with contrary evidence on the party seeking to prove otherwise"); *Overholt v. Airista Flow Inc.*, No. 17cv1337-MMA (AGS), 2018 WL 355231, at *4 (S.D. Cal. Jan. 10, 2018) (citations omitted).

19. Here, at the time Plaintiff commenced this action and, upon information and belief, at the time of removal, Plaintiff resided in and was a citizen of the State of California. (FAC, ¶ 11 ["Plaintiff is a resident of the State of California…."].) Accordingly, for purposes of diversity jurisdiction, Plaintiff is a citizen of the State of California.

20. <u>HomeGoods is a Citizen of Delaware and Massachusetts</u>. For purposes of diversity jurisdiction, a corporation is deemed a citizen of its state of incorporation and the state where it has its principal place of business. 28 U.S. C. § 1332(c)(1). As clarified by the United States Supreme Court in *Hertz Corp. v. Friend*, 559 U.S. 77 (2010), "the phrase 'principal place of business' [in Section 1332(c)(1)] refers to the place where the corporation's high level officers direct, control, and coordinate the

LITTLER MENDELSON, P.C.
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX 75201.2931
214.880.8100

DEFENDANT HOMEGOODS, INC.'S
NOTICE OF REMOVAL TO FEDERAL
COURT PURSUANT TO 28 U.S.C. §§ 1332,
1441, AND 1446

6

corporation's activities. Lower federal courts have often metaphorically called that place the corporation's 'nerve center.' We believe that the 'never center' will typically be found at the corporation's headquarters." *Id.* at 80-81; *see also Breitman v. May Co. California*, 37 F.3d 562, 564 (9th Cir. 1994) (corporation is citizen of state in which its corporate headquarters are located and where its executive and administrative functions are performed).

21. HomeGoods was, at the time of the filing of this action, and still is, a corporation organized under the laws of the State of Delaware with its principal place of business of Framingham, Massachusetts. Accordingly, HomeGoods is a citizen of Delaware and Massachusetts.

22. Because at least one defendant (e.g., HomeGoods) is not a citizen of the State of California, the minimal diversity requirement exists amongst the parties, and no further analysis is required.

23. The FAC also names as Defendant Nash Tang, who Plaintiff alleges resides in and was a citizen of the State of California. (FAC, ¶ 13 ["On information and belief, Defendant Nash Tang is a resident of the City of Poway, County of San Diego, State of California"].)

24. The FAC also names as defendants "DOES 1 through 20, inclusive." The presence of Doe defendants in this case has no bearing on diversity with respect to removal. *See* 28 U.S.C. § 1441(a) ("For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded."); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998) ("28 U.S.C. § 1441(a) explicitly provides that the citizenship of defendants sued under fictitious names shall be disregarded for purposes of removal.").

25. No other party has been named or served as of the date of this removal.

26. Accordingly, the named Plaintiff is a citizen of a state (California) different from HomeGoods (Massachusetts), and minimal diversity exists for purposes of CAFA jurisdiction. *See* 28 U.S.C. §§ 1332(d)(2)(A), 1453.

LITTLER MENDELSON, P.C.
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX 75201.2931
214.880.8100

DEFENDANT HOMEGOODS, INC.'S
NOTICE OF REMOVAL TO FEDERAL
COURT PURSUANT TO 28 U.S.C. §§ 1332,
1441, AND 1446

7

### E. The Amount In Controversy Exceeds $5,000,000.

27. The removal statute requires a defendant seeking to remove a case to federal court to file a notice "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). In *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014), the Supreme Court recognized that "as specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." Only if the plaintiff contests or the court questions the allegations of the notice of removal is supporting evidence required. *Id.* at 554. "[T]he defendant's amount-in-controversy allegation should be accepted" just as a plaintiff's amount-in-controversy allegation is accepted when a plaintiff invokes federal court diversity jurisdiction. *Id.* at 553.

28. For purposes of determining whether the amount in controversy has been satisfied, the Court must presume that plaintiff will prevail on her claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994) (stating that the amount in controversy analysis presumes that "plaintiff prevails on liability.")). The ultimate inquiry is the amount that is put "in controversy" by the allegations of a plaintiff's FAC, not what a defendant might actually owe. *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005); *accord Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1198 n.1 (9th Cir. 2015) (explaining that even when the court is persuaded the amount in controversy exceeds $5,000,000, defendants "are still free to challenge the actual amount of damages in subsequent proceedings and at trial" because they are only estimating the amount in controversy).

29. HomeGoods denies the validity and merit of the entirety of Plaintiff's claims, the legal theories upon which they are ostensibly based, and the claims for monetary and other relief that flow therefrom. For purposes of removal only, however, and without conceding that Plaintiff or the putative class are entitled to any damages or penalties whatsoever, it is readily apparent that the allegations of Plaintiff's FAC

LITTLER MENDELSON, P.C.
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX 75201.2931
214.880.8100

DEFENDANT HOMEGOODS, INC.'S
NOTICE OF REMOVAL TO FEDERAL
COURT PURSUANT TO 28 U.S.C. §§ 1332,
1441, AND 1446

8

establish that the amount in controversy exceeds CAFA's jurisdictional minimum of $5,000,000.

30. When, as here, a Plaintiff's FAC does not state the amount in controversy, the HomeGoods' notice of removal may do so. HomeGoods' notice of removal must simply include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart*, 135 S. Ct. at 554.

### 1. Minimum Wage and Overtime

31. In her First Cause of Action, Plaintiff alleges that "hours worked include all time an employee is subject to the employer's control and all time the employee is suffered or permitted to work, regardless of whether the employee is required to work." (FAC, ¶ 53.) Plaintiff further alleges "this includes any meal periods provided with the Lock-in Policy in effect." *Id.* Plaintiff likewise alleges "Plaintiff and the Lock-in Class members were not paid for these hours worked." (FAC, ¶ 56.)

32. California law requires employers to pay employees for all time worked. In addition, California Labor Code section 510 requires that employers pay nonexempt employees one-and-one-half times their regular rate for all hours worked over eight in a day or 40 in a week. Additionally, nonexempt employees must be paid one-and-one-half times their regular rate for the first eight hours worked on the seventh day worked in a single workweek. Employers must also pay double time for all hours worked over 12 in a day, and for all hours worked in excess of eight on the seventh consecutive day of work in a single workweek. Cal. Lab. Code § 510(a).

33. Using a conservative estimate of 15 active non-exempt employees per store per workweek throughout the statutory period (e.g. approximately 1,230 employees at any time throughout the state), and just one (1) hour of unpaid wages per workweek at the 2019 minimum wage (not overtime) for the entire time period rate, the amount in controversy for the unpaid *minimum wage* claim totals $236,160 (15 employees per store * 82 stores * 28 workweeks (Plaintiff's alleged class time period runs from July 1, 2019, to February 27, 2023, and she alleges that she worked the "lock

LITTLER MENDELSON, P.C.
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX 75201.2931
214.880.8100

DEFENDANT HOMEGOODS, INC.'S
NOTICE OF REMOVAL TO FEDERAL
COURT PURSUANT TO 28 U.S.C. §§ 1332,
1441, AND 1446

9

in" shift from October – December each year and, for one year, through March = 28 weeks at minimum[1]) *$12.00/hour =$236,160). (FAC, ¶ 22.)

34. Using this same estimate at the *overtime* rate based on the 2019 minimum wage of $18.00/hour, the amount in controversy for the overtime claim totals $619,920 (15 employees per store * 82 stores * 28 workweeks (Plaintiff's alleged class time period from July 1, 2019, to February 27, 2023) *$18/hour = $619,920). *See Torrez v. Freedom Mortg. Corp.*, No. EDCV 17-867 JGB (KKx), 2017 WL 2713400, *3 (C.D. Cal. Jun. 22, 2017) (finding assumption rate of three hours of overtime per week was reasonable where complaint allegations where defendant's assumptions were based on the allegations in the complaint that defendant "engaged in a pattern and practice" of wage abuse); *Stanley v. Distribution Alts., Inc.*, No. EDCV 17-2173 AG (KKx), 2017 WL 6209822, at *2-3 (C.D. Cal. Dec. 6, 2017) (finding that pleading "pattern and practice" supports assumption of two hours of overtime per week); *Herrera v. Carmax Auto Superstores California, LLC*, EDCV-14-776-MWF (VBKx), 2014 WL 12586254, at *6 (C.D. Cal. Jun. 12, 2014) ("Defendant cannot be expected to produce evidence of how often overtime violations may occur. Defendant must be entitled to monetize this claim with a reasonable and conservative estimate.").

### 2. Meal and Rest Break Claim

35. HomeGoods is entitled to base calculations, for purposes of calculating the amount in controversy, on the argument and allegations by Plaintiff in the Second Cause of Action for Failure to Provide Meal and Rest Breaks. Plaintiff makes various allegations including:

---

[1] Plaintiff's complaint is unclear whether she alleges the lock in policy was in place at all times during her employment or only during the time she worked. Thus, to be conservative, Defendant only calculates the amount in controversy based on the time Plaintiff clearly alleges she worked that shift. In reality, the amount could be much higher if her Complaint were read to suggest that the lock in policy was in effect at all times she was employed.

LITTLER MENDELSON, P.C.
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX 75201.2931
214.880.8100

DEFENDANT HOMEGOODS, INC.'S
NOTICE OF REMOVAL TO FEDERAL
COURT PURSUANT TO 28 U.S.C. §§ 1332,
1441, AND 1446

10

   a. "Once the employees arrived for the night shift, Defendant HomeGoods' policy was for the Assistant Store Manger to lock the facility and set the alarm." (FAC, ¶ 22.)

   b. "The facility would remain locked, and the alarm would remain enable throughout the shift." (FAC, ¶ 22.)

   c. "Each shift, at approximately 1:30 a.m., the employees were collectively provided an unpaid meal period. However, as stated above, during this meal period, the facilities remained locked, and the alarm remained enabled." (FAC, ¶ 23.)

   d. "On occasion, an employee had asked if they could leave the building and were informed that they were not permitted to do so." (FAC, ¶ 23.)

   e. "Similarly, the facilities remained locked, and the alarm remained enable during all rest periods." (FAC, ¶ 23.)

   f. As defined by the Industrial Welfare Commission, hours worked include all time an employee is subject to the employer's control and all time the employee is suffered or permitted to work, regardless of whether the employee is required to work." (FAC, ¶ 24.)

36. Thus, Plaintiff asserts that HomeGoods owes her and each putative class member a premium equal to one (1) hour of wages at the regular rate of pay per missed meal and rest period. (FAC, ¶¶ 25-26.)

37. For purposes of establishing the amount in controversy at removal, HomeGoods need not make Plaintiff's case for them, or prove the amount in controversy to a certainty. Rather, HomeGoods can rely on "reasonable assumptions" and a "chain of reasoning that includes assumptions" based on reasonable grounds to calculate the amount in controversy. *Anderson v. Starbucks Corp.*, 2020 WL 7779015, *8 (N.D. Cal. Dec. 31, 2020).

LITTLER MENDELSON, P.C.
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX 75201.2931
214.880.8100

DEFENDANT HOMEGOODS, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446

11

38. California law permits recovery of one additional hour of pay at the employee's regular rate of compensation for each workday a meal period was not provided. Cal. Lab. Code § 226.7. Plaintiff's alleged Class Time Period is the alleged "Lock-in Policy between July 1, 2019, through February 27, 2023." (FAC, ¶ 8.)

39. Between July 1, 2019, and February 27, 2023, there are 190 weeks (52 weeks/year * 3 = + 34 weeks July 2022 – February 27, 2023). Accordingly, there are at least 190 workweeks within the statute of limitations, and at minimum 28 workweeks subject to the lock in policy. Complaint, ¶ 21 (Oct-Dec equals 16 work weeks and one year through March, Jan-March equals an additional 12 workweeks = 28 total).

40. HomeGoods "may make mathematical calculations using reasonable averages of, for example, hourly, monthly, and annual incomes of comparable employees when assessing the amount-in-controversy." *Garcia v. ACE Cash Express, Inc.*, No. SACV 14-0285-DOC (RNBx), 2014 WL 2468344, at *2 (C.D. Cal. May 30, 2014) (citing *Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1148-49 (C.D. Cal. 2010)).

41. Plaintiff's FAC alleges that putative Class did not receive compliant meal and rest periods due to a policy applicable to overnight shifts that violated California laws for every shift at every store. HomeGoods denies these claims. However, these allegations support an assumption of four (4) meal period violations and four (4) rest period violations for a total of eight (8) per workweek. *See* FAC ¶¶ 58-63; *Behrazfar v. Unisys Corp.*, 687 F. Supp. 2d 999, 1004 (C.D. Cal. 2009) (when a defendant's calculations are "relatively conservative, made in good faith, and based on evidence whenever possible," the court should find that the "[d]efendant has established by a preponderance of the evidence that the amount in controversy exceeds $5,000,000."); *Oda v. Gucci Am., Inc.*, No. 2:14-CV-07469, 2015 WL 93335, at *5 (C.D. Cal. Jan. 7, 2015) (finding that a 50% violation rate for meal and rest period violations was reasonable despite allegations that employees only "sometimes" were denied meal or rest periods); *Sadler v. Ensignal, Inc.*, No. 1:17-cv-00312-AWI-SAB, 2017 WL

LITTLER MENDELSON, P.C.
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX 75201.2931
214.880.8100

DEFENDANT HOMEGOODS, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446

12

2333528, at *5 (E.D. Cal. May 26, 2017) (where case removed on diversity grounds, accepting defendant's assumption that violation occurred once per day where plaintiff alleged "that he systematically worked for a period of more than five hours in a workday without being provided a mandatory, duty-free lunch").

42. Based on Plaintiff's allegation that 5-8 employees worked the overnight shifts, using a conservative estimate of 6 employees who work overnight shifts at least 4 nights a week at each of 82 stores, there are 492 (6*82) employees owed 8 hours of premium pay (4 meal and 4 rest) for 28 weeks from 2019-2022. Using the minimum wage applicable in 2018 of $12.00/hour for the entirety of the time period, this works out to $36,080 in premiums for each week (492 employees * 8 hours of premium pay *$12.00/hour = $47,232 per week). Thus, for the statutory period, the amount in controversy is at least $1,322,496 ($39,360 per week * 28 workweeks = $1,322,496).

### 3. Wage Statements

43. In her Fourth Cause of Action, Plaintiff alleges "Plaintiff and the Lock-in Class members' wage statements were inaccurate as they did not include the non-compliant meal periods, which, as alleged above, are deemed hours worked." (FAC ¶ 76.)

44. Labor Code section 226(e) provides for a statutory penalty for violations of Labor Code section 226(a)'s wage statement requirements of $50 or actual damages per employee for the initial pay period in which a violation occurs, and $100 per employee for each violation in a subsequent pay period, not exceeding an aggregate amount of $4,000 per employee. Cal. Lab. Code § 226(a). The statutory period for Labor Code section 226(e) penalties is one year. Cal. Code Civ. Proc. § 340.

45. HomeGoods denies the validity and merit of Plaintiff's wage statement claim. For purposes of removal only, and using a conservative estimate that HomeGoods has employed *at least* 410 non-exempt employees each week since December 2021 impacted by the alleged violations and that employees are paid weekly, there are approximately 69 weeks in the relevant period, as such each employee's wage

LITTLER MENDELSON, P.C.
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX 75201.2931
214.880.8100

DEFENDANT HOMEGOODS, INC.'S
NOTICE OF REMOVAL TO FEDERAL
COURT PURSUANT TO 28 U.S.C. §§ 1332,
1441, AND 1446

13

statement damages would total $6,950[2] ([$50 * 1] + [$100 * 69]). The total amount in controversy for Plaintiff's wage statement penalty claim is at least **$2,849,500** (410 employees * $6,950 average penalty per employee = $2,849,500).

### F. Waiting Time Penalties

46. In her Fifth Cause of Action, Plaintiff alleges that "Plaintiff and the Waiting Time Penalties Subclass members were not paid all wages due upon the termination of their employment as they were not paid for the non-complaint meal periods, which, as alleged above, are deemed hours worked." (FAC, ¶¶ 79-87.)

47. Labor Code section 203 provides that if an employer willfully fails to pay wages owed immediately upon discharge or resignation in accordance with Labor Code sections 201 and 202, then the wages of the employee shall continue as a penalty from the due date at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days. The statute of limitations on a claim for waiting time penalties is three years. *See Pineda v. Bank of Am., N.A.*, 50 Cal. 4th 1389, 1395 (2010) ("[N]o one disputes that when an employee sues to recover both unpaid final wages and the resulting section 203 penalties, the suit is governed by the same three-year limitations period that would apply had the employee sued to recover only the unpaid wages.")

48. Using conservative estimate of 100 employees who have concluded their employment in the statutory period and assuming they typically work eight-hour shifts at least 4 days a week, HomeGoods estimates that this claim is worth at least $144,000 (100 employees *8 hours/day * $12.00/hours *30 days=$144,000).

49. These allegations meet the amount in controversy:

| 1. | Minimum Wage | $236,160 |
|---|---|---|
| 2. | Overtime Wages | $619,920 |
| 3. | Meal and Rest Period Premiums | $1,322,496 |
| 4. | Wage Statements | $2,849,500 |

---

[2] Although this number exceeds the cap for penalties of $4000 per employee, given the turnover, and the conservative estimate of the number of employees, it is reasonable to calculated this on a per violation basis rather than by employee.

LITTLER MENDELSON, P.C.
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX 75201.2931
214.880.8100

DEFENDANT HOMEGOODS, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446

14

| 5. | Waiting Time | $288,000 |
|---|---|---|
| | **Total** | **$5,316,076** |

### G. Attorneys' Fees

50. Finally, Plaintiff seeks attorneys' fees and costs in her FAC. (FAC ¶¶ 10, 57, 63, 70, 78, 87, Prayer for Relief ¶ 109(d).) Thus, the Court must consider attorneys' fees in determining whether the amount in controversy is met as it is well-settled that claims for statutory attorneys' fees are to be included in the amount in controversy. *See, e.g.*, *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005), *cert. denied*, 127 S.Ct. 157 (2006); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("We hold that where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy.").

51. In California, it is not uncommon for an attorneys' fee award to be 25 to 33 percent of a settlement or judgment. *See, e.g.*, *McGuigan v. City of San Diego*, 183 Cal. App. 4th 610, 638 (2010) (noting attorneys' fees paid in settlement of $1.6 million); *Vasquez v. California*, 45 Cal. 4th 243, 249 (2008) (noting award of $435,000 in attorneys' fees for class claims involving failure to pay wages, liquidated damages, penalties, and waiting time penalties); *Amaral v. Cintas Corp. No. 2*, 163 Cal. App. 4th 1157, 1216-1218 (2008) (affirming award of $727,000 in attorneys' fees plus a multiplier that equated to total fees of $1,199,550 in class case involving violations of a living wage ordinance, the California Labor Code, as well as unfair competition and contract claims); *see also Shaw v. Toshiba Am. Info. Sys., Inc.*, 91 F. Supp. 2d 942, 972 (E.D. Tex. 2000) ("Empirical studies show that, regardless whether the percentage method or the lodestar method is used, fee awards in class actions average around one-third of the recovery.")

52. The attorneys' fees benchmark in the Ninth Circuit is 25 percent. *Paul,*

LITTLER MENDELSON, P.C.
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX 75201.2931
214.880.8100

DEFENDANT HOMEGOODS, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446

15

*Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989) ("We note with approval that one court has concluded that the 'bench mark' percentage for the fee award should be 25 percent."); *Lo v. Oxnard Euro. Motors, LLC*, 2012 WL 1932283, at *3 (S.D. Cal. May 29, 2012) ("The Ninth Circuit has accepted as a benchmark for an attorneys' fees awards a twenty-five percent of the common fund recovery.")

53. Based on the above, the amount in controversy for Plaintiff's claims for minimum wage and overtime, meal and rest break premiums, wage statement penalties, and waiting time penalties is conservatively **$5,316,076**. This subtotal exceeds $5,000,000 absent any inclusion of attorneys' fees. However, taking into account attorneys' fees at the benchmark percentage of 25 percent further increases the amount in controversy by **$1,329,019** for a total amount in controversy of **$6,645,095**.

## VI. SUMMARY AND CONCLUSION

54. As explained above, removal of this action is proper, as the aggregate amount in controversy of Plaintiff's causes of action for minimum wage and overtime, meal and rest break premiums, wage statement penalties, failure to pay wages at time of termination, and attorneys' fees are well in excess of the CAFA jurisdictional requirement of $5 million using reasonable averages and using the lowest 2019 California minimum wage of $12.00/hr. *See* 28 U.S.C. § 1332(d)(2). In addition, this analysis does not account for Plaintiff's PAGA claim, nor the failure to provide timely pay claim, which would further increase the alleged amount in controversy.

| | **Plaintiff's Alleged Claim** | **Amount in Controversy** |
|---|---|---|
| 1. | Minimum Wage | $236,160 |
| 2. | Overtime Wages | $619,920 |
| 3. | Meal and Rest Period Premiums | $1,322,496 |
| 4. | Failure to Timely Pay Wages | Not calculated. |
| 5. | Wage Statements | $2,849,500 |
| 6. | Waiting Time | $288,000 |
| 7. | PAGA | Not calculated. |
| 8. | Attorneys' Fees | $1,329,019 |
| | **Total Amount in Controversy** | **$6,645,095** |

LITTLER MENDELSON, P.C.
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX 75201-2931
214.880.8100

DEFENDANT HOMEGOODS, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446

16

55. Accordingly, although HomeGoods denies Plaintiff's claims as alleged in the FAC, the jurisdictional minimum is satisfied for purposes of determining the amount in controversy, as it exceeds the $5,000,000 threshold required under CAFA.

56. Following the filing of this Notice of Removal in the United States District Court for the Southern District of California, written notice of such filing will be given by the undersigned to Plaintiff's counsel of record, John K. Landay, Esq. and Waddy Stephenson, of Landay Roberts LLP and a copy of the Notice of Removal will be filed with the Clerk of the San Diego County Superior Court in accordance with 28 U.S.C. § 1446(d). (McCarthy Decl., ¶ 5.)

WHEREFORE, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, HomeGoods hereby removes this action from the Superior Court of the State of California, County of San Diego, to the United States District Court for the Southern District of California.

Dated: April 21, 2023

LITTLER MENDELSON, P.C.

/s/ Brittany McCarthy
Bradley E. Schwan
Jannine E. Kranz
Brittany McCarthy

Attorneys for Defendant
HOMEGOODS, INC.

4883-4863-1134.3 / 053070-1370

LITTLER MENDELSON, P.C.
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX 75201.2931
214.880.8100

DEFENDANT HOMEGOODS, INC.'S
NOTICE OF REMOVAL TO FEDERAL
COURT PURSUANT TO 28 U.S.C. §§ 1332,
1441, AND 1446

17