1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 11 JENNIFER EDLEBECK, an individual, individually and on behalf of all similarly situated and aggrieved employees of Defendants in the State of California, <br><br> Plaintiff, <br><br> v. <br><br> HOMEGOODS, INC., a Delaware corporation; NASH TANG, an individual; and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No.: 23-CV-735 TWR (BGS) <br><br> **ORDER GRANTING JOINT MOTION TO SUBMIT MATTER TO ARBITRATION, DISMISS CLASS CLAIMS, AND REMAND ACTION TO STATE COURT** <br><br> (ECF No. 9) |

20    Presently before the Court is the Parties' Joint Motion to Submit Matter to

21  Arbitration, Dismiss Class Claims, and Remand.  (*See* ECF No. 9.)  Specifically, the Joint

22  Motion seeks "an order dismissing [Plaintiff's] class claims without prejudice, compelling

23  Plaintiff's individual claims to arbitration, and remanding [the remainder of] this action to

24  state court where the Parties will stipulate to stay the action pending resolution of the matter

25  in arbitration."  (*See id.* ¶ 7.)  For the following reasons, the Court **GRANTS** the Parties'

26  Joint Motion.

27    Plaintiff filed her First Amended Complaint in the Superior Court of California,

28  County of San Diego, Central Division on March 8, 2023.  (*See* ECF No. 1-2.)  The First

1   Amended Complaint contains two sets of claims: five putative class action claims and one

2   Private Attorneys General Act ("PAGA") claim.  (*See generally id.*)  On April 21, 2023,

3   Defendants timely filed their Notice of Removal to Federal Court Pursuant to 28 U.S.C. §§

4   1332, 1441, and 1446.  (*See generally* ECF No. 1.)  On May 2, 2023, Defendants filed their

5   Answer to the Complaint, (*see generally* ECF No. 8), and on May 12, 2023, the Parties

6   filed the instant Joint Motion, (*see generally* ECF No. 9).

7        Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), parties may jointly

8   stipulate to the dismissal of an action.  *See* Fed. R. Civ. P. 41(a)(1)(A)(ii).  Parties may also

9   stipulate to binding arbitration, *see, e.g.*, *Van Waters & Rogers Inc. v. Int'l Bhd. of*

10  *Teamsters, Chauffeurs, Warehousemen & Helpers of Am., Loc. Union 70*, 913 F.2d 736,

11  740 (9th Cir. 1990); *Plasterers Loc. Union No. 346 v. Wyland Enterprises Inc.*, 819 F.2d

12  217, 218 (9th Cir. 1987), or to the remand of a case from federal district court to state

13  superior court, *see, e.g.*, *Vorise v. Mitsubishi Elec. US, Inc.*, No. 4:22-CV-02017-HSG,

14  2022 WL 1117198, at *1–2 (N.D. Cal. Apr. 14, 2022); *Flamenco v. Mercedes-Benz USA,*

15  *LLC*, No. 8:22-CV-00082-DOC-KES, 2022 WL 602382, at *1 (C.D. Cal. Feb. 28, 2022).

16  Here, the Parties' Joint Motion seeks arbitration, partial dismissal, and a remand of the

17  remaining claims to state court.  (*See generally* ECF No. 9.)

18       According to the Joint Motion, the Parties entered into a Binding Arbitration

19  Agreement (the "Agreement") at the time Plaintiff was hired, through which they decided

20  that "any claims arising out of or related to Plaintiff's employment with HomeGoods, Inc.

21  and any related entity would be resolved by an arbitrator through final and binding

22  arbitration, and not by way of a court or jury trial."  (*See id.* ¶ 2.)  Pursuant to that

23  Agreement, the Parties met and conferred and "agreed to submit Plaintiff's individual wage

24  and hour claims and individual PAGA claims in this lawsuit to binding arbitration."  (*See*

25  *id.* ¶ 4.)  The Parties also agreed to "dismiss the class claims without prejudice."  (*See id.*)

26  Because the Parties have stipulated to the dismissal of the class wage and hour claims and

27  the arbitration of Plaintiff's individual wage and hour claims and individual PAGA claim,

28  only the "non-individual PAGA claims" remain in this matter.  (*See id.* at 2–3.)

1    Defendants initially removed this matter to federal court pursuant to the Class Action

2  Fairness Act ("CAFA"), which provides for original jurisdiction over civil class actions in

3  which any member of the putative class is a citizen of a state different than any defendant,

4  there are at least 100 putative class members, and the amount in controversy exceeds

5  $5,000,000.  (*See* ECF No. 1 at 4 (citing 28 U.S.C. §§ 1332(d), 1446).)  According to the

6  Parties' good faith representations, if only the "non-individual PAGA claims" remained,

7  "CAFA would no longer be applicable."  (*See* ECF No. 9 ¶ 6; *see also* ECF No. 1 at 16

8  ("[Defendants' Notice of Removal] analysis does not account for Plaintiff's PAGA claim

9  . . . .").)  Therefore, the Parties ask that the remaining representative PAGA claim in "this

10  matter be remanded to the Superior Court of the State of California, County of San Diego,

11  Central Division."  (*See id.*)

12    Good cause appearing, the Court **GRANTS** the Joint Motion.  Accordingly, the

13  Court **ORDERS** the Parties to arbitrate Plaintiff's individual wage and hour claims and

14  individual PAGA claim, **DISMISSES WITHOUT PREJUDICE** Plaintiff's

15  representative wage and hour claims, and **REMANDS** the remainder of this action to the

16  Superior Court of California, County of San Diego, Central Division.

17    **IT IS SO ORDERED.**

18  Dated:  May 24, 2023

19

20  Honorable Todd W. Robinson
    United States District Judge

21

22

23

24

25

26

27

28